```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| HANS J. BEUSTER              | : |                                  |
|                              | : |                                  |
| v.                           | : | Civil Action No. DKC 2005-2816   |
|                              | : |                                  |
| EQUIFAX INFORMATION SERVICES | : |                                  |
|                              | : |                                  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion by Defendant Bank One Delaware, N.A., now known as Chase Bank USA, N.A., and doing business as First USA Bank ("Bank One"), to dismiss count III of Plaintiff's complaint for failure to state a claim.[1]  The issues have been fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, Bank One's motion will be denied.

**I. Background**

Plaintiff Hans J. Beuster alleges the following facts.  In January 2005, Plaintiff was unable to refinance his home mortgage because his merged credit report, which contained information from Experian Information Solutions, LLC ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union"), listed a derogatory credit card account.[2]  Plaintiff's

---

[1] Plaintiff's third claim is entitled "First Claim From Relief Against Bank One/First USA."  The court will refer to this claim as Count III.

[2] Plaintiff's complaint alleges that all four of these
(continued...)

credit report indicated that he had opened the account through Bank One's First USA Bank, and that the account was in collection, with more than $10,000 past due.  Plaintiff alleges that he never "applied for or obtained any credit from First USA."  (Paper 1, ¶ 18).

After receiving the merged credit report, Plaintiff contacted Bank One to dispute the derogatory account.  On or about January 19, 2005, Bank One informed Plaintiff by letter that a "search of their document storage ha[d] failed to provide a copy of an application for the account."  (Paper 1, ¶ 13) (internal quotation marks ommitted).  Plaintiff contacted Experian in February 2005 to dispute the derogatory account.  Experian sent Plaintiff the results of its investigation on or about February 16, 2005.  The report indicated that Experian verified Plaintiff's ownership of the derogatory account with Bank One and that Experian would continue to list the account on Plaintiff's credit report.  In March 2005, Plaintiff requested credit reports from Equifax and Trans Union, both of which continued to report the disputed Bank One account.  In or about March 2005, Plaintiff sent a second letter to Experian, and letters to Equifax and Trans Union,

---

²(...continued)
entities are "consumer reporting agenc[ies]," as defined in 15 U.S.C. § 1681a(f).  (Paper 1, ¶¶ 5, 7, 8, 11).

disputing the account.  Plaintiff included with his letter an affidavit and a police report regarding the derogatory account.[3]

On or about April 6, 2005, Experian sent Plaintiff the result of its second investigation and notified Plaintiff that upon further examination they had deleted the First USA account from Plaintiff's credit report.  On or about March 30 and April 8, 2005, Trans Union and Equifax, respectively, sent Plaintiff the results of their investigations.  Unlike Experian, both Trans Union and Equifax indicated that they verified Plaintiff's ownership of the derogatory account with Bank One, and therefore would continue to report the derogatory account.  Plaintiff made another attempt at refinancing his mortgage in May 2005, but was denied "due to the derogatory First USA account that was reported on his merged credit report."  (Paper 1, ¶ 23).

Plaintiff filed a complaint against Equifax, Trans Union, and Bank One on October 13, 2005.  (Paper 1).  Plaintiff alleges two claims against Bank One: common law defamation (Count III) and a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1682s-2(b) (Count IV).[4]  On November 29, 2005, Bank One filed an

---

[3] Plaintiff states in the complaint that the affidavit "indicated that the account was opened by his ex-wife and that he never gave her permission to use his personal information on the account."  (Paper 1, ¶ 19).  Plaintiff does not explain the contents of the police report.

[4] Plaintiff asserts the following claims against Equifax and Trans Union: a violation of § 1681(e)(b) of the FCRA (Count I), and a violation of § 1681i(a) of the FCRA (Count II).  Plaintiff and
(continued...)

3

answer to the complaint, (paper 11), and a motion to dismiss the defamation claim for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), (paper 10).

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.

---

$^{4}$(...continued)
Trans Union filed a joint stipulation of dismissal on June 8, 2006. (Paper 29).  The court approved dismissal of Plaintiff's claims against Trans Union on June 9, 2006.  (Paper 31).

1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

Count III of Plaintiff's complaint asserts a Maryland common law defamation claim against Bank One. Bank One offers two arguments in support of its motion to dismiss the defamation claim. First, it argues that Plaintiff's defamation claim is pre-empted by 15 U.S.C. § 1681t(b)(1)(F), or in the alternative, by § 1681h(e) of the FCRA. Second, Bank One asserts that Plaintiff has failed to state a proper claim for relief under Maryland law.

**A.  FCRA Pre-emption**

Bank One argues that even if Plaintiff has stated a proper defamation claim under Maryland law, the claim is pre-empted by the FCRA. Bank One argues that 15 U.S.C. § 1681t(b)(1)(F), or, in the alternative, 15 U.S.C. § 1681h(e) pre-empts Plaintiff's defamation claim. Plaintiff, on the other hand, argues that Bank One has misread the FCRA's pre-emption provisions and that his defamation

claim is not pre-empted under a proper reading of the statute because he alleges that Bank One acted with malice.

Bank One first maintains that Plaintiff's defamation claim is barred by § 1681t(b)(1)(F) of the FCRA. The statute provides, in relevant part:

> No requirement or prohibition may be imposed under the laws of any State
>
> (1) *with respect to any subject matter regulated under*
> . . .
>
> *section 1681s-2 of this title*, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . .

15 U.S.C. § 1681t(b)(1)(F) (emphasis added).[5] Bank One points out that Plaintiff's defamation claim tracks the "subject matter regulated under" § 1681s-2(b).[6] Thus, Bank One argues that §

---

[5] There are two exceptions to the pre-emption provision of § 1681(t)(b)(1)(F): "this paragraph shall not apply: (i) with respect to section 54(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)." 15 U.S.C. § 1681t(b)(1)(F).

[6] Section 1681s-2(b) states:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> > (a) conduct an investigation with respect to the disputed information;
> >
> > (b) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(continued...)

6

1681t(b)(1)(F) governs the pre-emption analysis and is a total bar to any state statutory or common law causes of action.[7]

Bank One acknowledges, however, that the FCRA contains an additional pre-emption provision, § 1681h(e), which states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of *defamation*, invasion of privacy, or negligence with respect to the reporting of information against. . . any person who furnishes information to a consumer reporting agency, based on information disclosed

---

[6](...continued)

> (c) report the results of the investigation to the consumer reporting agency;
>
> (d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (e) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

[7] Bank One argues that at least one district court has concluded that § 1681s-2(b) does not create a private right of action. Because Bank One has not moved to dismiss Plaintiff's § 1682s-2(b) claim, the argument is irrelevant to the disposition of this motion. Nevertheless, "there is abundant authority in support of the recognition of a private right of action under § 1681s-2(b)." *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492, 509-510 (D.Md. 2004) (collecting cases).

> pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. 1681h(e) (emphasis added).

The district courts are conflicted as to how to reconcile these two seemingly overlapping pre-emption provisions, and neither the United States Court of Appeals for the Fourth Circuit nor any other of the courts of appeal have addressed this issue. District courts have used three approaches in analyzing the two FCRA pre-emption provisions: (1) a "total" pre-emption approach, (2) a "temporal" approach, and (3) a "statutory" approach. *Barnhill v. Bank of America, N.A.*, 378 F.Supp.2d 696, 699 (D.S.C. 2005).

**1.   "Total" Pre-emption**

District courts employing the "total" pre-emption approach have concluded that § 1681t(b) pre-empts both state statutes and common law causes of action relating to the subject matters listed in the provision.[8]  *See, e.g.*, *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1144 (N.D.Cal. 2005); *Riley v. Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1325 (S.D.Ala. 2002). Courts following the "total" pre-emption approach argue that the later addition of § 1681t by Congress in 1996 completely subsumed §

---

[8] Section 1681t(b) lists several subject matters with respect to which requirements or prohibitions under state law may not be imposed.  Only the subject matter regulated under section 15 U.S.C. § 1681s-2 is at issue here and thus only § 1681t(b)(1)(F) is relevant to the pre-emption analysis.

8

1681h(e), meaning that Congress "implicitly repealed" § 1681h(e) with the addition of § 1681t. *Barnhill*, 378 F.Supp.2d at 700.

It is a "cardinal principle of statutory construction," however, that part of a statute should not be read as "superfluous, void, or insignificant," *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001), and that "repeals by implication are not favored," *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 468 (1982). Instead, "whenever possible, statutes should be read consistently." *Kremer*, 456 U.S. at 468. Repeal by implication is proper only if (1) two provisions are in "irreconcilable conflict," or (2) the later act "covers the whole subject of the earlier one and is clearly intended as a substitute." *Id.* In giving effect to both § 1681h(e) and § 1681t(b), the temporal and statutory approaches demonstrate that there is no irreconcilable conflict between the two sections. Moreover, there is no indication that § 1681t(b) covers the whole subject of pre-emption or that Congress intended it to serve as a substitute. In fact, Congress amended both § 1681h(e) and § 1681t(b) in 1996, suggesting that Congress did not intend one section to serve as a substitute for the other. Thus, the total pre-emption approach "ignores well-established principles of statutory construction." *Barnhill*, 378 F.Supp.2d at 700.

**2.   "Temporal" Approach**

Courts employing the "temporal" approach have reconciled § 1681h(e) and § 1681t(b) by making the provisions' application

9

dependent on the timing of the conduct at issue.  See, *e.g.*, *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847, 2005 WL 1153623, at *8 (E.D.N.Y. May 16, 2005); *Ryder v. Wash. Mutual Bank*, 371 F.Supp.2d 152, 154-155 (D.Conn. 2005).  These courts have held that the protections of both § 1681s-2(a) and § 1682s-2(b) are limited to the reporting of information *after* receiving notice of a dispute, meaning that the "subject matter" of § 1681s-2 does not arise until notice of a dispute is provided to a furnisher of information.[9]  Once a furnisher of information receives notice of a dispute from either a consumer (implicating § 1681s-2(a)) or a consumer reporting agency (implicating § 1681s-2(b)), the conduct

---

[9] Section 1681s-2(a) states, in pertinent part:
(1) Prohibition

> (A) Reporting information with actual knowledge of errors-- A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate;
>
> (B) Reporting information after notice and confirmation of errors-- A person shall not furnish information relating to a consumer to any consumer reporting agency if-
>
>> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>> (ii) the information is, in fact, inaccurate.

15 U.S.C. §§ 1681s-2(a)(1)(A)-(B).  There is no private right of action pursuant to § 1681-s2(a), and it is not at issue here.

is subject matter regulated under section 1681s-2.[10]  "Accordingly, any state law claim predicated on a furnisher providing inaccurate information after receiving notice of a dispute is completely pre-empted by 1681t(b)(1)(F)."  *Kane*, 2005 WL 1153623, at *8 (internal citations and quotation marks omitted).

Under the temporal approach, any reporting of information *before* a furnisher of information receives notice of a dispute is conduct outside the "subject matter" of § 1681s-2 and is thus not pre-empted by § 1681t(b)(1)(F).  A court using this approach would then consider whether § 1681h(e) would pre-empt a state law claim arising from conduct *before* a furnisher received notice of a dispute.[11]  As noted above, § 1681h(e) allows state law laws claims to go forward only if the plaintiff alleges that false information was furnished "with malice or willful intent to injure" a consumer.  Therefore, state law claims would survive pre-emption under the temporal approach only if two conditions are met.  First, the alleged acts must have "occurred before the furnisher had notice of any inaccuracies or a dispute," such that § 1681s-2 does not apply and § 1681t(b)(1)(F) therefore does not pre-empt.  *Barnhill*, 378

---

[10] It is not clear how courts employing the "temporal" approach would analyze a situation in which a furnisher of information provided information despite knowledge of its falsity, in violation of § 1681s-2(a)(1)(A), but without notice of a dispute from either a consumer or a consumer reporting agency.

[11] As noted, § 1681h(e) applies to claims "in the nature of defamation, invasion of privacy, or negligence."  15 U.S.C. § 1681h(e).

F.Supp.2d at 701. Second, "malice or willful intent to injure the consumer" must be alleged so that the claim will survive § 1681h(e) preemption. *Id.*

Because "malice" as used in § 1681h(e) is not defined in the statute, most courts have borrowed the Supreme Court's definition of malice in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), for use in the context of § 1681h(e).[12] *Wiggins v. Equifax Servs., Inc.*, 848 F.Supp. 213, 223 (D.D.C. 1993); *Thorton v. Equifax, Inc.*, 619 F.2d 700, 705 (8th Cir. 1980), *cert. denied*, 449 U.S. 835 (1980). A statement is made with malice if the "speaker either knew it was false or acted in reckless disregard of its truth or falsity."[13] *Wiggins*, 848 F. Supp. at 223 (citing *New York Times*, 376 U.S. at 279-80). To establish reckless disregard for the truth, the plaintiff must demonstrate "that the defendant (1) published the statement with a high degree of awareness of probable falsity, or (2) in fact entertained serious doubts as to the truth

---

[12] The United States Court of Appeals for the Fifth Circuit has used state law to define "malice" in the context of § 1681h(e). *Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir. 2001) (applying Mississippi law). Because Maryland has "adopted and applied" the Supreme Court's malice principles, it is unnecessary for this court to decide whether it is preferable to look to federal or state law to define "malice" in § 1681h(e). *See Capital-Gazette Newspapers, Inc. v. Stack*, 293 Md. 528, 540 (1982); *Marchesi v. Franchino*, 283 Md. 131, 139 (1978).

[13] This type of malice "should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will." *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1551 n.8 (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991)).

12

of his publication." *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1551 n.8 (4th Cir. 1994) (internal citations and quotation marks omitted).

As a practical matter, it is difficult to allege that a furnisher of information entertained doubts as to the truth of a publication such that it acted with reckless disregard of the truth--i.e., acted with malice--*before* receiving notice of a dispute. *See, e.g., Ryder,* 371 F.Supp.2d at 155 (applying temporal approach and pre-empting defamation claim because malice not established); *Aklagi v. NationsCredit Fin. Servs. Corp.*, 196 F.Supp.2d 1186, 1196 (D.Kan. 2002) (noting that the plaintiff could not establish that the defendant acted with malice *before* notice of dispute). Moreover, § 1681s-2(a)(1)(A) encompasses reporting of information when "the person knows or has reasonable cause to believe that the information is inaccurate," and would thus encompass the type of malice which might be established by alleging knowingly false reporting. Because knowingly false reporting would implicate the "subject matter" of § 1681s-2, it would in turn implicate the pre-emption provision of § 1681t(b). In effect, the temporal approach would preempt both forms of malice: knowingly false publication and publication with reckless disregard of the truth.

Therefore, for a defamation claim to survive pre-emption under the temporal approach's reading of § 1681t(b) and § 1681h(e), a claimant must allege facts sufficient to show that a furnisher of

13

information "willfully" intended to injure the consumer.  Such an allegation would presumably encompass conduct done *before* a furnisher received notice of a dispute, thus not implicating the pre-emptive effect of § 1681t(b), and still satisfy the requirements of § 1681h(e).  The language of § 1681h(e), however, specifically allows defamation claims to go forward if "*malice or willful intent*" is alleged.  15 U.S.C. § 1681h(e) (emphasis added).  To the extent that the temporal approach ignores statutory language, it is, like the total preemption approach, equally violative of the above-mentioned principles of statutory construction.

### 3.  "Statutory" Approach

Several district courts, including those within the Fourth Circuit, have used a "statutory" approach to reconcile the pre-emption provisions of § 1681h(e) and § 1681t(b)(1)(F).  *Johnson v. MBNA America Bank, N.A.*, No. Civ. 1:05CV00150, 2006 WL 618077, at *7 (M.D.N.C. Mar. 9, 2006); *Schade v. MBNA America Bank, N.A.*, No. Civ. 3:04CV633-H, 2006 WL 212147, at *6 (W.D.N.C. Jan. 26, 2006); *Barnhill*, 378 F.Supp.2d at 704; *Alabran v. Capital One Bank*, No. Civ.A. 3:04CV935, 2005 WL 3338663, at *5 (E.D.Va. Dec. 8, 2005); *Jeffery v. Trans Union, LLC*, 273 F.Supp.2d 725, 728 (E.D.Va. 2003).[14]  The statutory approach posits that Congress intended the

---

[14] One court has noted that the Fourth Circuit issued an unpublished opinion and an unpublished revision implicitly supporting the statutory approach.  *Barnhill*, 378 F.Supp.2d at 704
(continued...)

two pre-emption provisions of the FCRA to "work concurrently to pre-empt different state laws." *Barnhill*, 378 F.Supp.2d at 703. Under this approach, § 1681t(b) pre-empts only state *statutes,* whereas § 1681h(e) pre-empts state *common law*.[15] *Id.*

Courts provide several reasons for following the statutory approach. First, like the temporal approach, the statutory approach does not render § 1681h(e) superfluous. Yet, unlike the temporal approach, the statutory approach does not ignore statutory language and abides by the canon of statutory construction requiring that the more specific provision prevails over the more general. *Barnhill*, 378 F.Supp.2d at 703. Section 1681h(e) specifically references actions "in the nature of *defamation*, invasion of privacy, or negligence with respect to the reporting of information." 15 U.S.C. § 1681h(e) (emphasis added). On the other hand, § 1681t(b), which is labeled "general exceptions," makes a

---

[14](...continued)
(citing *Beattie v. Nations Credit Fin. Servs. Corp.*, 65 Fed.Appx. 893 (4th Cir. 2003) ("*Beattie I*") and *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 Fed.Appx. 585 (4th Cir. 2003) ("*Beattie II*"). Notwithstanding the fact that these are unpublished opinions, they offer little guidance because they did not address the issue of reconciling § 1681t(b)(1)(F) and § 1681h(e).

[15] The most recent district court to consider the reconciliation of these pre-emption provisions agreed in *dicta* that the statutory approach was "preferred." *Islam v. Option One Mortgage Corp.*, __ F.Supp.2d __, 2006 WL 1216617, at *8 (D.Mass. May 5, 2006). Despite the court's acceptance of the statutory approach, it applied § 1681t(b) to preempt a common law claim because it read § 1681h(e) narrowly as not encompassing the facts presented in the case and thus not presenting a conflict between the two pre-emption provisions. *Id.* at *9.

vague reference to the pre-emption of "requirement[s] or prohibition[s] . . . under the laws of any State."

Furthermore, courts have noted that § 1681t(b) specifically exempts several state statutory provisions (e.g., § 54A(a) of chapter 93 of the Massachusetts annotated laws and § 1785.25(a) of the California Civil Code), but makes no mention of state common law. *Barnhill*, 378 F.Supp.2d at 703; *Jeffery*, 273 F.Supp.2d at 727. These specific statutory exemptions, as well as the fact that Congress amended both § 1681h(e) and § 1681t in the same year, suggest that Congress intended for the two pre-emption provisions to work together, with § 1681t(b) governing pre-emption of statutory provisions and § 1681h(e) governing pre-emption of state common law torts.[16]  *Barnhill*, 378 F.Supp.2d at 703 n.2; *Jeffery*, 273 F.Supp.2d at 728.

The statutory approach, unlike the total and temporal approaches, is in harmony with the requirement that courts "read statutes a whole," rather than in isolation, and that the more specific provision controls over the more general. *United States v. Morton*, 467 U.S. 822, 828 (1984). The court is persuaded that in specifically referring to defamation actions in § 1681h(e),

---

[16] The court also notes that until Congress amended the Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, 117 Stat. 1952, 2011, § 1681t specifically exempted from pre-emption state laws "enacted after January 1, 2004." The reference in the original statute to *enacted* laws indicates that § 1681t was meant to govern the pre-emption of statutes, and not state common law.

16

Congress intended for that section to govern pre-emption of common law defamation. *See Jeffery*, 273 F.Supp.2d at 728 ("[T]he language of the statutes, the principles of statutory construction, and the case law that the Court finds to be well-reasoned and persuasive, including case law within the Fourth Circuit, support the plaintiff's position . . . that § 1681h(e)--and not § 1681t(b)(1)(F)--applies to the defamation claim."). The court will apply the statutory approach. Accordingly, Plaintiff's common law defamation claim is not pre-empted by § 1681t(b)(1)(F).

**4.   Application of § 1681h(e)**

Because § 1681t(b)(1)(F) does not pre-empt Plaintiff's common law defamation claim, it is necessary to determine whether § 1681h(e) of the FCRA pre-empts Plaintiff's claim. Section 1681h(e) is implicated because Plaintiff's defamation claim involves "the reporting of information," and is brought against a "person who furnished information to a consumer reporting agency" (Bank One). *See Spencer v. Hendersen-Webb,* Inc., 81 F.Supp.2d 582, 597; *Shah v. Collecto*, No. Civ.A.2004-4059, 2005 WL 2216242, at *13 (D.Md. Sept. 12, 2005). Furthermore, Plaintiff's claim is "based on information disclosed by a user of a consumer report," (i.e., the lender), "to or for a consumer against whom the user has taken adverse action," (i.e., denial of refinancing).[17] Section 1681h(e) prevents a

---

[17] Plaintiff does not provide the name of the lender(s) from whom he sought refinancing either on the first or second occasion. Neither Plaintiff nor Bank One challenge the applicability of §
(continued...)

17

plaintiff from bringing a defamation action against a furnisher of information, "except as to false information furnished with malice *or* willful intent to injure such consumer."  15 U.S.C. § 1681h(e).

Plaintiff's alleged facts are insufficient to establish that Bank One willfully intended to injure Plaintiff.  *Wiggins*, 848 F.Supp. at 219 (establishing willfulness requires showing that a defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others").  Nonetheless, Plaintiff asserts that before the three credit reporting agencies commenced their investigations, Bank One was aware of Plaintiff's dispute of the account and sent him a letter indicating its inability to locate "a copy of an application" for the account in its document storage. (Paper 1, ¶ 13).  Plaintiff alleges that his dispute of the account, along with Bank One's inability to find his credit application, created a serious doubt as to the validity of the debt.  However, when Experian and Trans Union later investigated Plaintiff's dispute, Bank One continued to represent that Plaintiff owned the account.

To establish malice, Plaintiff must allege that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of

---

[17](...continued)
1681h(e), but disagree only as to whether § 1681h(e) pre-empts the defamation claim.

probable falsity.[18]  *Foretich*, 37 F.3d at 1551 n.8.  Furthermore, "malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed.R.Civ.P. 9(b); *Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005) (barring any application of heightened pleading standards to defamation actions), *cert. denied*, 126 S.Ct. 1619 (2006).  At the "nascent stage of litigation" presented by a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Federal Rules require only a general pleading of malice.  *Boyd v. Nationwide Mut. Ins. Co.*, 208 F.3d 406, 410 (2nd Cir. 2000).  Because Plaintiff has sufficiently alleged facts to establish that Bank One acted with malice, the defamation claim is not barred by § 1681h(e) of the FCRA.

**B.   Failure to State a Claim**

Bank One's next argument is based entirely on its assertion of a conditional privilege to defamation, emanating from § 1-303(7), Md. Code Ann, Fin. Inst., and from common law.  Bank One's assertion of a privilege to defamation is an affirmative defense under Maryland law.  *Rosenberg v. Helinski*, 328 Md. 664, 869-70 (1992), *cert. denied*, 509 U.S. 924 (1993); *Simon v. Union Hosp. of Cecil County, Inc.*, 15 F.Supp.2d 787, 796 (D.Md. 1998), *aff'd in part, rev'd in part on other grounds*, 199 F.3d 1328 (1999).  A

---

[18] Alternatively, Plaintiff could establish malice by showing that Bank One published material about Plaintiff while actually knowing it to be false.  *N.Y. Times*, 376 U.S. at 280.  The facts alleged in the complaint are not sufficient to show knowingly false publication.

motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), however, is "intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). An affirmative defense may only be considered on a motion to dismiss if "it clearly appears on the face of the complaint." *Id.* The existence of the conditional privilege asserted by Bank One could be determined only after a "specific factual inquiry," and thus is not clearly indicated by the face of the complaint. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000). Thus, consideration of this affirmative defense is not appropriate at this juncture.

**IV. Conclusion**

For the foregoing reasons, Bank One's motion to dismiss Plaintiff's defamation claim will be denied. A separate Order will follow.

                                                                  /s/
DEBORAH K. CHASANOW
United States District Judge