```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                :
HANS J. BEUSTER                 :
                                :
     v.                         :  Civil Action No. DKC 2005-2816
                                :
EQUIFAX INFORMATION SERVICES    :
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion by Defendant Bank One, Delaware N.A., ("Bank One") to compel discovery.[1] (Paper 36). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Bank One's motion to compel discovery will be denied.

**I.  Background**

Plaintiff Hans J. Beuster filed a complaint against Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Bank One on October 13, 2005. (Paper 1). The events in question arose out of Bank One's reporting of negative credit information to other Defendants, who are consumer reporting agencies. Plaintiff alleges two claims against Bank One: common law defamation (Count III) and a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1682s-2(b) (Count IV). On November 29, 2005, Bank One filed a motion to dismiss the

---

[1] Bank One is now known as Chase Bank USA, N.A., and was doing business as First USA Bank during the events in question.

defamation claim for failure to state a claim (paper 10), which the court denied.[2]

Bank One served interrogatories on Plaintiff on December 23, 2005.  In interrogatory number three, Bank One requested:

> State whether you have entered into any settlements or releases with any person in connection with the alleged acts which give rise to the Complaint, or the subject matter of this litigation, and if so, identify the parties to each settlement or release, the terms of each settlement or release, the date of each settlement or release, and identify any document concerning, involving or in any way related to your response.

(Paper 41, ex. B at 1).  On March 1, 2006, Plaintiff answered this interrogatory: "None."  *Id.*  After that date, Plaintiff and Defendant Trans Union agreed to a stipulated dismissal which was filed and approved on June 9, 2006.  (Papers 30, 31).  In addition, the court entered a settlement Order dismissing Defendant Equifax from this action on July 14, 2006.  (Paper 34).

Upon Bank One's request, Beuster supplemented his answer to the third interrogatory on July 14, 2006, with the following statement: "Objection.  Irrelevant, not likely to lead to discovery of any admissible information, against public policy that favors non-discoverability of settlement agreements and negotiations.  Without waiving the objection, Plaintiff has a signed, confidential agreement with Trans Union and is negotiating a settlement with Equifax."  (Paper 41, ex. C at 1).  After the parties conferred in

---

[2] The court issued an Order and accompanying memorandum opinion on June 15, 2006, denying Bank One's motion to dismiss.

2

an attempt to resolve this discovery dispute, Bank One filed its second motion to compel discovery pursuant to Fed.R.Civ.P. 37(c) on July 17, 2006.[3]  (Papers 36, 41).

**II.  Motion to Compel Discovery**

Bank One seeks to compel a "full" answer to its third interrogatory, and to obtain discovery on the details of Plaintiff's settlement with Trans Union and Equifax.  Bank One argues that Beuster waived any objection to discovery of this material by initially answering "None" in response to the interrogatory on March 1, 2006.  Bank One contends that Beuster's supplemental answer in insufficient because "it does not disclose the terms of the settlements Plaintiff has reached with the other defendants named in this action."  (Paper 36, at 2).

Bank One argues that such material is relevant for two purposes.  First, Bank One maintains that the settlement terms are relevant to any setoff or reduction in any judgment that may be entered against Bank One.  Second, Bank One argues that "should the testimony of the settling defendants be offered against Bank One, disclosure of the settlement agreements between the Plaintiff and the settling defendants may lead to the discovery of evidence that would establish witness bias, interest, or prejudice."  (Paper 36, at 2).

---

[3] Bank One previously filed a motion to compel discovery on April 27, 2006, (paper 24), which the court granted on May 17, 2006, (paper 26).

3

Plaintiff denies that his discovery objection is untimely because at the time he submitted his answers to Bank One's interrogatories on March 1, 2006, no settlements had been reached with any Defendant.  Plaintiff asserts that even if the objection was untimely, "good cause is shown to excuse Plaintiff's untimeliness."  (Paper 37, at 1).  Plaintiff disputes Bank One's contentions regarding the relevancy of the discovery Bank One seeks.  Plaintiff argues that Bank One would not be entitled to a setoff and that the "settlements do not require either [Equifax or Trans Union] to provide testimony or cooperation in any way.  Just as Plaintiff would have to subpoena any other witnesses to ensure their appearance at trial, Plaintiff would have to do the same with Equifax and Trans Union."  (Paper 37, at 2).  Moreover, Plaintiff asserts that the disclosure of the settlements would not lead to admissible evidence and that "public policy favors non-discoverability of settlement agreements and negotiations leading up to settlement agreements."  *Id*. at 2-3.

**1. Timeliness of Objection**

Fed.R.Civ.P. 33(b) states, in pertinent part:

> (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

4

>  (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Plaintiff did not waive his objection by failing to object to the interrogatory in his initial March 1, 2006, response. Plaintiff states that as of that date, no settlements had been reached with any Defendants, confidential or otherwise. It logically follows that if there was no information to report regarding any settlement agreement, there was no basis upon which to object to providing that information. Any objection made at that time would have been purely theoretical. Even assuming Plaintiff was in technical violation of Rule 33(b), the court concludes there was good cause for Plaintiff's failure to object to the interrogatory at that time.

**2. Discoverability of information**

Fed.R.Civ.P. 26(b)(1) describes the broad scope of discovery. It states, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial  if the

5

> discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

The details surrounding Plaintiff's settlements with the other parties may be relevant with regard to any possible setoff that Bank One may be entitled to and thus may become discoverable. However, Bank One's request is premature.  Setoff amounts do not become an issue until and unless liability is imposed on Bank One. The need for information to determine the amount of setoff Bank One is entitled to therefore does not provide a proper basis for Bank One's *current* discovery request.  Plaintiff likely will be required to provide the settlement agreements if liability is imposed on Bank One, but the production can be subject to a properly worded protective order, if necessary.

Moreover, Bank One's assertion that discovery of the settlement details is relevant to explore issues of possible witness bias "should the testimony of the settling defendants be offered against Bank One" is without factual basis.  Plaintiff states in his opposition to the motion to compel that the settlements at issue were not contingent upon Equifax or Trans Union providing testimony on behalf of Plaintiff.   The court infers from this that Plaintiff does not contemplate presenting or relying on any evidence from them in this action. Accordingly, while settlement information *could* be relevant to establishing witness bias, *see* Fed.R.Evid. 408, based on Plaintiff's representations, it *is not* relevant here.  Unless Plaintiff

6

produces the relevant agreement, he will not be permitted to present testimony from that settling defendant.

## III. Conclusion

Accordingly, Bank One's motion to compel discovery will be denied, contingent upon Plaintiff not calling as witnesses representatives of either Equifax or Trans Union. If liability is established on the part of Bank One, the court will reexamine the relevancy of information surrounding Plaintiff's settlements with regard to Bank One's entitlement to setoff.

                                                          /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge